An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-787

Filed 1 July 2026

Cleveland County, Nos. 22CR051952-220, 23CR000001-220

STATE OF NORTH CAROLINA

      v.

DONALD THOMAS PENLAND, Defendant.

Appeal by Defendant from judgment entered 24 April 2024 by Judge Jacqueline D. Grant in Cleveland County Superior Court. Heard in the Court of Appeals 22 April 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Lisa R. Atwater, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for Defendant.*

GRIFFIN, Judge.

Defendant Donald Thomas Penland appeals from the trial court's judgment after a jury found him guilty of possession of a firearm by a felon. Defendant argues the trial court erred by failing to exercise its discretion when it denied the jury's

request to review a portion of testimony. We hold the trial court did not commit prejudicial error.

## I. Factual and Procedural Background

On 9 June 2022, Officer Jordan Green[1] of the Shelby Police Department was running license plates at the intersection of South Dekalb and East Dixon Boulevard. Officer Green initiated a traffic stop after the license plate on a Ford at the intersection came back registered to a Dodge. The Ford was driven by Defendant. Defendant did not provide Officer Green with the vehicle registration, so Officer Green had to read the vehicle identification number ("VIN") from the doorframe. When Officer Green ran the VIN, the vehicle was not flagged as stolen but was not registered to Defendant. Officer Green did not list the previous owner in his report and did not recall to whom the license plate was registered.

Defendant granted Officer Green consent to search the vehicle. Defendant and the female passenger who accompanied him sat on the hood of Officer Green's police vehicle while he searched. Officer Green found a nine-millimeter handgun under the driver's seat. Officer Green then made his way to the backseat area of the vehicle where he found a camouflage backpack. The backpack contained a .38 revolver. These were the only firearms Officer Green found during his search.

---

[1] There are discrepancies between the transcript and briefs for the parties regarding the spelling of Officer Green's name (e.g., Green vs. Greene). For the sake of consistency, we will use "Green" throughout.

Officer Green called in the serial number of the nine-millimeter handgun to confirm it was not stolen but was unable to pull a serial number from the .38 revolver due to rust. No further analysis was conducted to determine the registered owners of either firearm. Officer Green arrested Defendant and charged him with possession of a firearm by a felon based on his proximity to the handgun found under the driver's seat.

At trial, the jury found Defendant guilty of possession of a firearm by a felon. During deliberation, the jury submitted two questions to the court. The first question requested a copy of the police report. Since the report was not introduced into evidence, the trial court instructed the jury to decide the facts based on the evidence presented.

The trial court's response to the second question is the issue raised in this appeal. The second question stated, "[d]id Officer Green testify that the [license] plate was registered to [] Defendant but not the car?" Before bringing the jury back in to answer the question, the trial court ran its proposed answer past the parties to see if there were any objections. The proposed response was:

> So what the court propose[s] to tell the jury is it is their duty to recall the evidence. The [c]ourt's not able to answer those types of questions, it's up to them to recall the evidence, and that's really it.

Neither side objected to the proposed response. Once the jury was brought back in, the court actually responded to the jury:

> So you're not going to be happy with my response, but it is
> your duty to recall the evidence and deliberate with your
> fellow jurors and to determine what the facts are.

The jury found Defendant guilty of possession of a firearm by a felon and being an habitual felon. The trial court sentenced Defendant to 77 to 105 months. At the end of the sentencing phase, Defendant gave oral notice of appeal.

## II.    Analysis

The sole issue on appeal is "[w]hether the trial court erred by failing to exercise its discretion when it denied the jury's request to review Officer Green[]'s testimony concerning the registration of the license plate and the SUV." Because prejudicial error is necessary to disturb the jury's verdict here, we assume *arguendo* the trial court committed error for purposes of this appeal and address whether the error was prejudicial.

We begin by noting this issue is preserved for appeal because "a statute will automatically preserve an issue for appellate review if the statute either: (1) requires a specific act by a trial judge; or (2) leaves no doubt that the legislature intended to place the responsibility on the judge presiding at trial." *State v. Vann*, 386 N.C. 244, 251, 900 S.E.2d 638, 643 (2024) (citation modified). "N.C.[ Gen. Stat.] § 15A-1233(a) contains a statutory mandate for which preservation is automatic." *Id.* at 251, 900 S.E.2d at 643. "When a trial court violates this statutory mandate by denying the jury's request to review the transcript upon the ground that the trial court has no power to grant the motion in its discretion, the ruling is reviewable and the alleged

error is preserved by law even when the defendant fails to object." *State v. Starr*, 365 N.C. 314, 317, 718 S.E.2d 362, 365 (2011) (citation modified). "Whether a trial court failed to exercise discretion, and in turn, whether this error was prejudicial to a defendant, are questions of law reviewed de novo." *Vann*, 386 N.C. at 250, 900 S.E.2d at 643.

Defendant bears the burden of showing he was prejudiced by the error. *Starr*, 365 N.C. at 319, 718 S.E.2d at 366. "A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2023). Erroneously denying a jury's request to review witness testimony may be prejudicial if the requested testimony "was material to the determination of [the] defendant's guilt or innocence." *See State v. Lang*, 301 N.C. 508, 511, 272 S.E.2d 123, 125 (1980).

Here, Officer Green's testimony about the registration of the license plate was inessential to the determination of Defendant's guilt. The jury had the opportunity to see and hear Officer Green's testimony, and the testimony was neither contradictory nor confusing. This weighs against holding the error prejudicial. *See Starr*, 365 N.C. at 319, 718 S.E.2d at 366. Moreover, Officer Green was a witness for the prosecution and much of his testimony could be considered incriminating, further weighing against the error being prejudicial. *See id.*

Defendant asserts the fact "[jury] deliberations lasted almost twice as long as the presentation of the State's evidence" was caused by the trial court requiring the jury to recall Officer Green's testimony on their own. Defendant maintains the extra time the jury took is indicative of the trial court's error being prejudicial.

"The judge in his discretion, after notice to the prosecutor and [the] defendant, *may* direct that requested parts of the testimony be read to the jury and *may* permit the jury to reexamine in open court the requested materials admitted into evidence." N.C. Gen. Stat. § 15A-1233(a) (2023) (emphasis added). The use of "may" means the trial court was not required to grant the jury's request. Therefore, had the trial court exercised its discretion, it still could have instructed the jury to recall Officer Green's testimony on its own.

Defendant further argues the trial court's error was prejudicial because whether Defendant owned the vehicle was "critical to the State's case."

Our General Statutes declare, "[i]t is unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in the person's custody, care, or control any firearm[.]" N.C. Gen. Stat. § 14-415.1(a) (2021). "Thus, the State need only prove two elements to establish the crime of possession of a firearm by a felon: (1) [the] defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Best*, 214 N.C. App. 39, 45, 713 S.E.2d 556, 561 (2011) (quoting *State v. Wood*, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686 (2007)) (internal quotations omitted). The State does not need to prove the defendant had actual

physical possession of the firearm. *Id.*, 214 N.C. App. at 46, S.E.2d at 561. Rather, proof of nonexclusive, constructive possession is sufficient. *Id.*

Constructive possession of a firearm exists when an individual, while not having actual physical possession, "has the intent and capability to maintain control and dominion over [the firearm]." *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). "The defendant may have the power to control either alone or jointly with others." *State v. Miller*, 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009). When a firearm is found in a vehicle under the control of the defendant, "this fact, in and of itself, gives rise to an inference of knowledge and possession" of the firearm. *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). If the defendant does not have exclusive possession of the vehicle where the firearm was found, "the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).

"Whether incriminating circumstances exist to support a finding of constructive possession is a fact-specific inquiry." *State v. Chekanow*, 370 N.C. 488, 496, 809 S.E.2d 546, 552 (2018). There are five factors to consider when determining whether sufficient incriminating circumstances exist to support a finding of constructive possession:

> (1) the defendant's ownership and occupation of the property [where the firearm was found]; (2) the defendant's proximity to the [firearm]; (3) indicia of the defendant's control over the place where the [firearm was] found; (4) the defendant's suspicious behavior at or near the time of

the [firearm's] discovery; and (5) other evidence found in the defendant's possession that links the defendant to the [firearm].

*Id.* "No one factor controls, and courts must consider the totality of the circumstances." *Id.* Evidence of constructive possession is "for the jury to weigh, not the trial court, and it is *certainly not for the appellate courts to reweigh.*" *Id.* at 499, 809 S.E.2d at 554 (emphasis added).

Defendant contends, according to *Chekanow*, ownership of the vehicle is a weighty factor, rendering Officer Green's testimony surrounding the license plate's registration pivotal to determining whether Defendant was in possession of the firearm. While it is true *Chekanow* holds ownership of the premises on which contraband was found is a weighty factor in favor of finding constructive possession when it is present, it does not conversely state it is a weighty factor against finding constructive possession when it is not. *See id.* at 497, 809 S.E.2d at 552–53.

Here, regardless of to whom the license plate was registered, there was enough evidence for the jury to find constructive possession. Given no one factor controls, and it is solely within the jury's discretion to weigh the factors, the jury could have reasonably concluded Defendant had constructive possession of the firearm based on the second and third *Chekanow* factors even if he did not own the vehicle he was driving.

Regarding the second factor, "the defendant's proximity to the [firearm]," *id.* at 496, 809 S.E.2d at 552, Defendant was charged for the firearm found under the

driver's seat. Defendant, being the driver, could have easily retrieved the firearm from its location. The jury could have concluded from this proximity Defendant had the intent and capability to maintain control and dominion over the firearm.

Because Defendant was driving the vehicle where the firearm was found, the jury could also have found constructive possession based on the third factor, "indicia of the defendant's control over the place where the [firearm was] found." *Id.* The vehicle was under Defendant's control. This fact, alone, corroborates the inference that Defendant had knowledge and possession of the vehicle's contents. From this, the jury could have concluded Defendant had constructive possession of the firearm under his seat.

Sufficient evidence existed for the jury to conclude Defendant had constructive possession of the firearm. Therefore, since the portion of Officer Green's testimony pertaining to the registration of the license plate was not essential for a jury to conclude Defendant had constructive possession of the firearm, Defendant fails to show he was prejudiced by the trial court's alleged error.

## III.   Conclusion

Assuming without deciding the trial court committed error, we hold Defendant has not shown prejudice and the trial court did not commit prejudicial error.

NO ERROR.

Judges ZACHARY and FREEMAN concur.

Report per Rule 30(e).